IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | HON. JEROME B. SIMANDLE |
| THOMAS J. ABATE, JR., | CIVIL NO. 07-2953 (JBS) |
| Debtor. | |
| | ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| INTERNAL REVENUE SERVICE, | |
| Appellant, | [Case No. 05-19745/GMB] |
| v. | |
| THOMAS J. ABATE, JR., | **OPINION** |
| Appellee. | |

APPEARANCES:

Lawrence P. Blaskopf, Esq.
Dashiell C. Shapiro, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. BOX 227
Ben Franklin Station
Washington, DC 20044
      Attorney for Appellant

David A. Kasen, Esquire
KASEN, KASEN & BRAVERMAN
Society Hill Office Park - Suite #3
1874 E. Marlton Pike
P.O. Box 4130
Cherry Hill, New Jersey 08033
      Attorney for Debtor/Appellee

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

     This matter is before the Court on the appeal of the

Internal Revenue Service ("IRS") from an Order entered in the

Bankruptcy Court on May 29, 2007, granting the debtor's motion to

compel the IRS to return money it seized from his 2006 income tax refund and to pay the debtor's attorney's fees for the costs of litigating that motion.  The IRS argues for the first time on appeal that the Bankruptcy Court lacked jurisdiction to hear that motion and that even if the Bankruptcy Court had jurisdiction it erred in granting the motion because there was insubstantial evidence justifying the order.  Accordingly, the IRS also argues that the Debtor was not entitled to attorney's fees.

The principal issue to be determined is whether a bankruptcy court has jurisdiction to compel the IRS to return a seized tax refund to a debtor who alleges that the IRS has violated the discharge of that tax debt in bankruptcy, where the former debtor has not first exhausted administrative remedies as required by 26 U.S.C. § 7433(d).  For the reasons explained below, the Court shall grant the IRS's appeal and vacate the May 29, 2007 order of the Bankruptcy Court.

## II.   BACKGROUND

Debtor Thomas J. Abate, Jr. Filed a Chapter 7 Bankruptcy Petition on March 29, 2005.  One of the creditors in the case was the Internal Revenue Service.  A discharge of debts was entered July 20, 2005.

An order entered March 22, 2006 expunged some of the IRS's claims on the bankruptcy estate but permitted an unsecured priority claim in the amount of $6,918.46 and an unsecured

nonpriority claim in the amount of $2,152.80.  The IRS then filed amended claims on May 3, 2006.  The IRS also withheld a 2005 tax refund. Abate filed a motion to compel the return of that refund money.  Pursuant to a consent order, the IRS returned the money to Abate and expunged the added May 3, 2006 claims on the bankruptcy estate.

In December 2006, the Bankruptcy Trustee paid the IRS $6,918.46, the IRS's unsecured priority claim that had been permitted.  The IRS contends that notwithstanding the discharge, it is entitled to recover funds for its allowed unsecured nonpriority claim that was never paid and for the post-petition interest that accrued on that claim and the claim that was paid.

On February 12, 2007, the IRS sent notice to Abate of unpaid income taxes for the 2002 tax year. (Bankruptcy Court Docket Item 72, Ex. H.)  That notice indicated that Debtor owed the IRS $4,046.89, including $723.25 in penalties for late payment and $978.57 in interest charges.  (Id.)  Debtor's attorney protested that the permitted priority debt was paid in full and that the remaining debt was discharged. (Ex. I.) The IRS subsequently withheld $4,031.14 from Debtor's 2006 tax year refund.

Abate filed a motion in the Bankruptcy Court on March 2, 2007 again seeking return of the withheld tax refund and requesting attorney's fees for litigating the motion.  The IRS now contends it was not properly served with that motion.  The

3

motion was returnable April 9, 2007.  The IRS, through attorney
Dashiel Shapiro, requested adjournment of the hearing date and
Abate consented to the request.  (See Ex. A to Abate's
Designation of Record on Appeal.)  There is a record of the
Bankruptcy Court adjourning the April 9 hearing to May 7, 2007.
The IRS filed no opposition to the motion or a supplemental
certification that Abate filed in support of the motion on May 7,
2007.  Thus, the Bankruptcy Court entered the May 29, 2007 Order
granting the requested relief as unopposed, requiring the IRS to
"immediately return to the debtor the sum of $4,031.14,
representing the improperly seized 2006 federal income tax
refund" as well as sanctioning the IRS for its conduct "in
improperly seizing the aforesaid refund" by requiring IRS to pay
debtor's counsel $2,800 in attorney's fees plus $9.80 in costs
for prosecuting the motion.

## III. DISCUSSION

### A. Standard of Review

This Court is being asked upon this appeal to consider an
issue not raised before the Bankruptcy Court challenging the
subject matter jurisdiction of the Bankruptcy Court pursuant to
26 U.S.C. § 7433(d) due to the former debtor's failure to have
exhausted available IRS remedies.  Although the Bankruptcy Court
was thus deprived of the opportunity to address this issue, it
may be raised on appeal because the issue of a court's subject

4

matter jurisdiction is never waived.  Arbaugh v. Y & H Corp., 546
U.S. 500, 514 (2006); Kuhl v. United States, 467 F.3d 145, 148
(2d Cir. 2006) ("Ms. Kuhl's argument that inexhaustion was not
raised below is a nonstarter.")

        This Court has jurisdiction to review the Order of the
Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  District Courts
must review Bankruptcy Courts' findings of fact for clear error,
their conclusions of law de novo, and their exercises of
discretion for abuse of discretion.  See In re Top Grade Sausage,
Inc., 227 F.3d 123, 125 (3d Cir. 2000) (citing In re Engel, 124
F.3d 567, 571 (3d Cir. 1997)); see also In re O'Brien Envtl.
Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999) (citing Interface
Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans
World Airlines, Inc.), 145 F.3d 124, 130 (3d Cir. 1998));
Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992).  In
reviewing factual findings, the district court must "give due
regard to the opportunity of [the bankruptcy] court to judge,
first-hand, the credibility of the witnesses."  In re Rosen, 208
B.R. 345, 348 (D.N.J. 1997) (quoting Fellheimer, Eichen &
Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223
(3d Cir. 1995)).  For mixed questions of law and fact, the
district court "must accept the [the bankruptcy] court's findings
of historical or narrative facts unless they are clearly
erroneous, but must exercise a plenary review of the court's

choice and interpretation of legal precepts and its application of those precepts to the historical facts." In re Sharon Steel Corp., 871 F.2d 1217, 1223 (3d Cir. 1989) (quoting Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102-03 (3d Cir. 1981)).

**B.    Bankruptcy Court Lacked Subject Matter Jurisdiction to Adjudicate Debtor's Motion**

The IRS argues in this appeal[1] that the Bankruptcy Court did not have jurisdiction to decide whether to require the return of the seized tax refund because Abate had not exhausted his administrative remedies.  Whether the Bankruptcy Court had jurisdiction over this matter is an issue of law that this Court decides de novo.  On this review, the Court holds that the Bankruptcy Court's exercise of subject matter jurisdiction under 26 U.S.C. § 7433(e) was premature because the former debtor had not exhausted administrative remedies, which are jurisdictional

---

[1]  The Internal Revenue Service failed to defend Abate's motion for return of refund in the Bankruptcy Court.  It appears, as Abate's counsel claims herein, that the IRS was duly served with the motion in the Bankruptcy Court, as was the Attorney General, before Mr. Shapiro sought and obtained an adjournment of the return date.  After the Bankruptcy Court heard the unopposed motion on May 7, 2007 and permitted Mr. Abate's counsel to submit a fee petition, Mr. Shapiro similarly failed to respond to it. The unopposed motion and supplemental fee petition were thus granted without the benefit of receiving the IRS's jurisdictional objection.  The IRS's reply brief herein does not dispute these allegations that counsel for the IRS had notice of the former debtor's motion and the petition and failed to respond until this appeal.  Such inattention would lead to default judgment if the Bankruptcy Court had jurisdiction over the underlying motion.

prerequisites.

The motion for a return of the seized refund was actually a petition for damages pursuant to 26 U.S.C. § 7433(e), the exclusive basis for Abate's relief.  Pursuant to 26 U.S.C. § 7433(e)(2), infra, the filing of such a motion, after exhaustion of administrative remedies, is the exclusive remedy for recovery of damages against the United States arising from the IRS's breach of the discharge provisions of 11 U.S.C. § 524, as discussed below.

"A discharge in bankruptcy operates as an injunction against collection of any discharged debts.  11 U.S.C. § 524(a)(2).  Congress has conditionally waived sovereign immunity for the IRS's willful violation of such a discharge: after exhausting administrative remedies, the taxpayer may petition the bankruptcy court for damages. 26 U.S.C. § 7433(e)."  Kuhl, 467 F.3d at 147.  Thus, a jurisdictional prerequisite to such an action is exhaustion of IRS remedies, as 26 U.S.C. § 7433(d) requires.   26 U.S.C. § 7433 provides, in relevant part,

> (b) Damages. In any . . . petition filed under
> subsection (e), upon a finding of liability on
> the part of the defendant, the defendant shall
> be liable to the plaintiff in an amount equal
> to the lesser of $ 1,000,000 ($ 100,000, in
> the case of negligence) or the sum of--
>    (1) actual, direct economic damages
>    sustained by the plaintiff as a proximate
>    result of the reckless or intentional or
>    negligent actions of the officer or
>    employee, and

(2) the costs of the action.

[. . . ]

(d) Limitations.
   (1) Requirement that administrative remedies
   be exhausted. A judgment for damages shall
   not be awarded under subsection (b) unless
   the court determines that the plaintiff has
   exhausted the administrative remedies
   available to such plaintiff within the
   Internal Revenue Service.
   (2) Mitigation of damages. The amount of
   damages awarded under subsection (b)(1)
   shall be reduced by the amount of such
   damages which could have reasonably been
   mitigated by the plaintiff.

   [ . . . ]

(e) Actions for violations of certain
bankruptcy procedures.
   (1) In general. If, in connection with any
   collection of Federal tax with respect to a
   taxpayer, any officer or employee of the
   Internal Revenue Service willfully violates
   any provision of section 362 (relating to
   automatic stay) or 524 (relating to effect
   of discharge) of title 11, United States
   Code (or any successor provision), or any
   regulation promulgated under such provision,
   such taxpayer may petition the bankruptcy
   court to recover damages against the United
   States.
   (2) Remedy to be exclusive.
      (A) In general. Except as provided in
      subparagraph (B), notwithstanding section
      105 of such title 11, such petition shall
      be the exclusive remedy for recovering
      damages resulting from such actions.
      (B) Certain other actions permitted.
      Subparagraph (A) shall not apply to an
      action under section 362(h) of such title
      11 for a violation of a stay provided by
      section 362 of such title; except that--
         (i) administrative and litigation costs
         in connection with such an action may
         only be awarded under section 7430 [26

8

> USCS § 7430]; and
> (ii) administrative costs may be
> awarded only if incurred on or after
> the date that the bankruptcy petition
> is filed.

26 U.S.C. § 7433.

26 C.F.R. § 301.7433-2(e) spells out the administrative remedies available prior to filing such petitions in bankruptcy court. A debtor cannot petition a bankruptcy courts for relief under 26 U.S.C. § 7433(e), as Abate did in this case, without first sending an administrative claim for damages in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation. 26 C.F.R. § 301.7433-2(e)(1). That claim must include:

> (i) The name, taxpayer identification number, current address, and current home and work telephone numbers (with an identification of any convenient times to be contacted) of the taxpayer making the claim;
>
> (ii) The location of the bankruptcy court in which the underlying bankruptcy case was filed and the case number of the case in which the violation occurred;
>
> (iii) A description, in reasonable detail, of the violation (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iv) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

9

> (v) The dollar amount of the claim, including
> any damages that have not yet been incurred
> but which are reasonably foreseeable (include
> copies of any available documentation or
> evidence); and
>
> (vi) The signature of the taxpayer or duly
> authorized representative.

26 C.F.R. § 301.7433-2(e)(2).  The debtor must either wait for a

decision on such a claim or else wait six months from filing such

a claim before the debtor may proceed with its petition in

bankruptcy court.  26 C.F.R. § 301.7433-2(d).

In this case, Abate failed to follow these procedures for

IRS review of the disputed tax claim.  Therefore, notwithstanding

the broad power available to the Bankruptcy Court to ensure

compliance with its orders, the Bankruptcy Court lacked the

jurisdiction to adjudicate Abate's motion to compel the return of

the tax refund until such exhaustion of remedies has occurred.

"Failure to exhaust deprives the court of jurisdiction." Venen

v. United States, 38 F.3d 100, 103 (3d Cir. 1994).  See also

Kuhl, 467 F.3d at 149 ("The burden imposed by 26 C.F.R. §

301.7430-1 is exacting and non-intuitive, but taxpayers must

comply with the letter of the government's narrow waiver of

sovereign immunity in order to get to federal court.").  Nor did

the Bankruptcy Court have jurisdiction to award attorney's fees

or costs to Abate for his litigation of the motion.

Abate concedes that he failed to exhaust administrative

remedies but argues that, nevertheless, the Bankruptcy Court was

permitted to hear this matter.  This Court disagrees.  As the Third Circuit has said, the exhaustion requirement is mandatory and failure to exhaust deprives courts of jurisdiction. See Venen, 38 F.3d at 103.

**IV.   CONCLUSION**

For the foregoing reasons, the Court finds that the Bankruptcy Court lacked subject matter jurisdiction under 26 U.S.C. § 7433(b) & (d) until such time as the former debtor exhausts administrative remedies as required by the Internal Revenue Code, and the Court shall grant the appeal and vacate the Bankruptcy Court's May 29, 2007 Order requiring the IRS to return funds to Thomas J. Abate, Jr. and requiring the IRS to pay his attorney's fees.  No determination is made regarding the merits of the claim.  An appropriate Order shall be entered.

**March 18, 2008**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       U.S. District Judge

11